IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ALEXANDER,

      Plaintiff,                            No. 2:08-cv-2773 JFM (PC)

   vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.                     ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  On December 29, 2008, plaintiff filed an amended complaint and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.""" Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff's amended complaint is deficient in several respects, as will be set forth infra. For those reasons, the amended complaint must be dismissed. The court will, however, grant plaintiff an opportunity to file a second amended complaint.

First, plaintiff provides a list of 26 defendants, referenced by number. However, there are no charging allegations for defendants numbered 1 through 6, 8 through 12, 14, 19 or 20. Moreover, plaintiff names "any and all Wardens who refused to process staff/citizen's complaints (whose names are not available)" as defendant 22, and "any and all mailroom staff employed between November 17, 2007 and October 20, 2008," as defendant 23. Plaintiff is informed that he must provide sufficient names for defendants in order to accomplish service of process on the named defendant. If plaintiff does not know a defendant's name at this time, he may seek such information through discovery once other defendants have appeared in the action.

In his first claim, plaintiff contends defendant 18 and other mailroom staff have obstructed plaintiff's access to the courts and destroyed both incoming and outgoing mail.

In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions. Lewis v. Casey, 518 U.S. at 351. The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356. To state a cognizable claim for relief based on interference with access to the courts, plaintiff

must allege facts which, if proved, will show that defendants by their acts prevented him from bringing, or caused him to lose, an actionable claim of this type. Id.

With respect to the First Amendment claim, plaintiff must allege more facts about the obstruction and destruction of mail and demonstrate how that resulted in an actual injury to his access to the courts. A prisoner establishes actual injury by showing he was actually denied access to the courts. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994), citing Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989)). "[T]he underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Christopher v. Harbury, 536 U.S. 403, 416, 122 S.Ct. 2179 (2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513-15, 122 S.Ct. 992 (2002)).

In his second claim, plaintiff alleges defendants 7, 11, 13, 15-17 and 22 obstructed his access to the administrative appeal process and his ability to submit complaints against staff and file citizen's complaints. To the extent that these allegations refer to denial of grievances presenting facts that support cognizable claims for relief in court, plaintiff has stated a cognizable claim for relief. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) ("The right of meaningful access to the courts extends to established prison grievance procedures.") Plaintiff may include these allegations in a second amended complaint. However, plaintiff must provide sufficient factual support for the court to determine whether the underlying grievances presented cognizable civil rights claims. The amended complaint, as written, provides no factual support for these contentions.

In the third claim, plaintiff contends defendant Alexander (21) retaliated against plaintiff for submitting an inmate appeal against him. An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 562 (9th Cir. 2005).  Plaintiff has stated a cognizable claim for relief and should include this allegation in a second amended complaint

In his fourth claim, plaintiff contends that his due process rights were violated by defendant Keating's failure to notify plaintiff when incoming mail was disapproved and returned to sender.  To the extent plaintiff contends this also presents a violation of his access to the courts, plaintiff must demonstrate actual injury under Lewis v. Casey, 518 U.S. at 351.

In his fifth claim, plaintiff contends that defendants 24 through 26 have obstructed plaintiff's "access to the courts by maintaining a law library that is wholly inadequate, ineffective, and deprived of essential materials necessary for the presentation of legal documents to the courts." (Amended Complt. at 5.)

"Provision of an adequate legal library is but one constitutionally acceptable method of providing prisoners with access to the courts.  Under the rule set forth in Bounds, an adequate law library need not be maintained where other methods of legal assistance assure meaningful access to the legal system." Robbins v. South, 595 F.Supp. 785 (D.C. Mont. 1984), citing Bounds v. Smith, 430 U.S. 817, 830 (1977), overruled in part by Lewis v. Casey, 518 U.S. at 354. "Because Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. at 351.  Plaintiff "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id.

Plaintiff fails to identify what materials have been omitted or what materials he needed to access the courts but was unable to obtain.  The instant record demonstrates that plaintiff has timely met the deadlines required in this action.  Plaintiff has not alleged an actual

5

injury to his access to the courts based on the alleged inadequate law library. Thus, plaintiff's fifth claim, as presently pled, fails to state a cognizable civil rights claim.

Finally, plaintiff is cautioned that he must exhaust administrative remedies with regard to each claim prior to raising the claim in federal court. "Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002). Exhaustion must precede the filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. Id. at 1200.

For all of the above reasons, the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

6

defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files the second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's amended complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended

complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: January 14, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; alex2773.14

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10  JAMES ALEXANDER,
11          Plaintiff,                    No. 2:08-cv-2773 JFM (PC)
12      vs.
13  CALIFORNIA DEPARTMENT OF
    CORRECTIONS, et al.,
14
                                          NOTICE OF AMENDMENT
15          Defendants.
16  _____/
17          Plaintiff hereby submits the following document in compliance with the court's
18  order filed _____:
19          _____       Second Amended Complaint
20  DATED:
21
22
                                          _____
23                                        Plaintiff
24
25
26