IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ALEXANDER,

    Plaintiff,                             No. 2:08-cv-2773 JFM (PC)

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.                       ORDER

                              /

          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983.

          The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

          A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his amended complaint plaintiff has named the California Department of Corrections & Rehabilitation (1)[1] as one of the defendants. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the California Department of Corrections & Rehabilitation (1) are frivolous and must be dismissed.

Plaintiff has failed to include charging allegations as to defendant S. Armoshus, Chief Deputy Warden (8). This defendant will not be served.

Plaintiff concedes he has failed to fully exhaust his claims addressing the denial of access to the courts by not providing an adequate law library. Those claims are unexhausted and

---

[1] Plaintiff has again referred to named defendants by number. The court will reflect the defendant's number in parentheticals behind the defendant's name.

the court will not direct service of process on defendants J. Blaylock (25), T. Kraft (26), or J.T. Flaherty (27) as those were the only claims pressed against these three defendants.

Plaintiff has renewed many of his claims that defendants have obstructed his access to the courts by, *inter alia*, destroying both incoming and outgoing mail, refusing to process administrative appeals, and canceling appeals. In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions. Lewis v. Casey, 518 U.S. at 351. The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The court previously informed plaintiff that "[t]o state a cognizable claim for relief based on interference with access to the courts, plaintiff must allege facts which, if proved, will show that defendants by their acts prevented him from bringing, or caused him to lose, an actionable claim of this type." (January 14, 2009 Order, citing Casey, 518 U.S. at 351.)[2] Plaintiff has failed to provide factual allegations demonstrating such a deprivation. Accordingly, the court will not serve any defendants with violations set forth in plaintiff's claims numbered 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38 & 39. For the reasons set forth in footnote 2, the court will not order service of

---

[2] There is no constitutional right to a prison administrative appeal or grievance system. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996); accord Wolff v. McDonnell, 418 U.S. 539, 565, 94 S.Ct. 2963 (1974) (accepting Nebraska system wherein no provision made for administrative review of disciplinary decisions). California Code of Regulations, title 15 section 3084 grants prisoners in the state prisons a purely procedural right to bring an appeal. Basically, the regulations require the establishment of a procedural structure for reviewing prisoner complaints but set forth no substantive standards. Instead, they provide for flexible time limits, see Cal.Code Regs. tit. 15, § 3084.6, and the general protection that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). As noted, a provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993); see also Antonelli, 81 F.3d at 1430 (holding prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993) (same); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) (same). Accordingly, a prison official's failure to process grievances, without more, is not actionable under § 1983. See Buckley, 997 F.2d at 495.

process on defendants Dovey (2), Grannis (4), Broddrick (5), McDonald (7), Perez (9), Cochran (11), Peterson (12), Stafford (13), and Vanderville (15) regarding claims numbered 5 and 6.

Plaintiff includes three claims of retaliation, numbered 7, 37 and 43. However, this court previously informed plaintiff of his obligation to plead five basic elements to support any claim of retaliation. Rhodes v. Robinson, 408 F.3d 559, 562 (9th Cir. 2005). Plaintiff has failed to do so. Accordingly, the court will not order service of process on defendants Dovey (2), Grannis (4), Broddrick (5), McDonald (7), Perez (9), Cochran (11), Peterson (12), Stafford (13), Vanderville (15), Beeman (24) or Simpson (28), with regard to plaintiff's retaliation claims numbered 7, 37 and 43.

In claims numbered 2, 3, 4, 8 and 9, plaintiff claims his First, Eighth and Fourteenth Amendment rights are violated by defendants' failure to allow inmates to defend their physical well-being during riots without threat of punishment and by inflicting onerous punishment on plaintiff when he was merely protecting his life during a riot. Plaintiff avers that CDCR policy does not distinguish between aggressor and nonagressor participants in riots.

However, Cal. Code Regs. titl 15 § 3286 provides:

> When inmates fight, the participants must be separated at once. The participants will be placed in detention, unless in the judgment of a superior officer circumstances do not warrant such action. Employees who observe the fight will prepare a written report stating clearly everything they observed, and will submit this report to the disciplinary officer. *The employee who renders the report should, if possible, state who was the aggressor.* The report will include the time, place, names of participants, name(s) of aggressor(s), the reason for the fight if it can be ascertained, weapons used if any, names of witnesses, action taken if any, and recommendations to prevent further recurrences.

Id. (Emphasis added.) California Code Regs. titl 15 § 3341.5(c)(9)(G), cited by plaintiff, differentiates actions in a disturbance, riot or strike, as follows:

(G)  Disturbance, Riot, or Strike:

1.  Leading a disturbance, riot, or strike.

/////

5

       2. Active participation in, or attempting to cause
conditions likely to threaten institution security.

Id.

  Although plaintiff cites California Code Regs. titl 15 § 3323(f)(3) in support of his position, "participating in a riot, rout, or unlawful assembly" (id.) will result in credit forfeiture of 61-90 days, this only occurs after a "finding of guilt of a serious rule violation." California Code Regs. titl 15 § 3323(a).  Plaintiff's due process rights are protected during the hearing on the rule violation.  The hearing on the rule violation is the forum where plaintiff can argue he was a nonaggressor in the riot.

  Thus, plaintiff's conclusory allegations, without more, fail to state a cognizable civil rights claim.  The court will not order service of process on defendants Dovey (2), Grannis (4), Broddrick (5), McDonald (7), Perez (9), Cochran (11), Peterson (12), Stafford (13), and Vanderville (15) on claims numbered 2, 3, 4, 8 and 9.

  Plaintiff also alleges his constitutional rights are violated by the policy of restricting certain prisoners from receiving family/conjugal visits (claims numbered 21 - 25).

  There is no independent constitutional right to social visits for incarcerated persons. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454 (1989).  However, state law may create a liberty interest in social visits which is protected by the Fourteenth Amendment. Id. at 460-463.  State-created liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

  The United States Court of Appeals for the Ninth Circuit has held that denial of contact visitation does not violate the Eighth Amendment's proscription against cruel and unusual punishment and "is part of the penalty that criminals pay for their offenses against society." Toussaint v. McCarthy, 801 F.2d 1080, 1114 (9th Cir. 1986), cert. denied, 481 U.S.

6

1069 (1987). Moreover, under California law, visitation is a privilege for inmates, not a right. See, e.g., Pro-Family Advocates v. Gomez, 46 Cal.App.4th 1674, 1682 (1996). Accordingly, state law does not give rise to a liberty interest in family visitation protectible under the federal constitution. Thus, plaintiff's amended complaint concerning conjugal visits fails to state a cognizable claim for violation of plaintiff's federal constitutional rights, and the defects cannot be cured by further amendment regarding this claim.

However, the second amended complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) as to plaintiff's claims challenging the prison's policy forbidding inmates from viewing and possessing materials that display female nudity but are not obscene (claims numbered 15 - 20).[3] (Second Amended Complaint at 7-8.) If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. Thus, service of process on defendants J. Dovey (2), Jeanne Woodford (3), C/O Wedimire (22), and C/O Barron (23) will be ordered.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: J. Dovey, Jeanne Woodford, C/O Wedimire, and C/O Barron, as to claims numbered 15 - 20 only.

2. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed February 12, 2009.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

---

[3] Claim numbered 26 is a reiteration of these claims.

           d. Five copies of the endorsed second amended complaint filed February 12, 2009.

      6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: October 13, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; alex2773.14b

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ALEXANDER,

      Plaintiff,

vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

      Defendants.

      /

No. 2:08-cv-2773 JFM (PC)

<u>NOTICE OF SUBMISSION</u>

<u>OF DOCUMENTS</u>

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    \_\_\_\_\_    completed summons form

    \_\_\_\_\_    completed USM-285 forms

    \_\_\_\_\_    copies of the _____
                                 Second Amended Complaint

DATED:

                                                _____
                                                Plaintiff