|   |   |   |
|---|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT | |
| 2 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |

JAMES ALEXANDER,

        Plaintiff,                  No. 2:08-cv-2773 MCE KJN P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On October 14, 2009, the magistrate judge screened plaintiff's Second Amended Complaint (Dkt. No. 13), as required by 28 U.S.C. § 1915A, and authorized service of process upon four defendants (Dkt. No. 16). Plaintiff filed an interlocutory appeal challenging this court's "order dismissing portions of plaintiff's Second Amended Complaint." (Dkt. No. 17.) The appeal was dismissed for lack of jurisdiction. (Dkt. No. 23.) Plaintiff thereafter filed the instant motion to "vacate/nullify" the magistrate judge's screening order. (Dkt. No. 25; <u>see</u> <u>also</u>, Dkt. No. 32.) Plaintiff relies on Fed. R. Civ. P. 60(b)(6), which authorizes, inter alia, relief from a final order for "any . . . reason that justifies relief." Plaintiff also seeks a stay of this action pending resolution of his motion. (Dkt. No. 33.)

        The court has reviewed plaintiff's Second Amended Complaint and the magistrate judge's screening order and finds that plaintiff's motion is without merit. The following claims and defendants were properly dismissed, or service of process properly disallowed upon specific defendants:

1.     Defendant California Department of Corrections & Rehabilitation was properly dismissed pursuant to the Eleventh Amendment's bar to suits by private parties against a state agency. See <u>Quern v. Jordan</u>, 440 U.S. 332 (1979).

2.     Service of process was not permitted upon defendant S. Armoshus, Chief Deputy

1

1. Warden, because no charging allegations were made against him; accordingly, he will be dismissed from this action pursuant to this order.

3. Service of process was not permitted upon defendants J. Blaylock, T. Kraft, and J.T. Flaherty, because plaintiff failed to exhaust his administrative remedies on his claims against these defendants; accordingly, these defendants will be dismissed from this action pursuant to this order.

4. Despite instruction by this court and opportunity to amend his complaint accordingly, plaintiff failed to state a claim for denial of access to the courts, as set forth in his paragraphs numbered 27 through 39.[1] See Lewis v. Casey, 518 U.S. 343 (1996) (plaintiff must allege facts demonstrating that defendants prevented him from bringing or pursuing an actionable claim). Thus, service of process was not permitted upon the defendants named in those claims, viz., T. Felker, former Warden, High Desert State Prison ("HDSP"); M. McDonald, Warden, HDSP; R.L. Gower, Associate Warden, HDSP; P. Statti, Correctional Counselor II ("CCII"), HDSP; S.L. Chapman, CCII, HDSP; M. Dangler, CCII, HDSP; T. Robertson, CCII, HDSP; R. Dreith, CCII, HDSP; D. Jackson, CCII, HDSP; M. Keating, Sergeant, HDSP; and B. Beeman, Coach, HDSP. Accordingly, these claims and defendants will be dismissed from this action pursuant to this order.

5. Plaintiff failed to state a claim challenging the prison administrative grievance process, as set forth in his paragraphs numbered 5 and 6. See, e.g., Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993); see also, Antonelli v. Sheahan, 81 F.3d 1422,1430 (7th Cir.1996) (prison grievance procedure is a procedural right that does not give rise to protected liberty interest under the Due Process Clause). Thus, service of process was not permitted upon the defendants named in those claims, viz., Dovey, Grannis, Broddrick, McDonald, Perez, Cochran, Peterson, Stafford and Vanderville. Accordingly, these claims and defendants will be dismissed from this action pursuant to this order.

6. Despite instruction by this court and opportunity to amend his complaint accordingly, plaintiff's paragraphs numbered 7, 37 and 43 failed to state a claim for retaliation, by failing to set forth the five basic elements of such claims. See Rhodes v. Robinson, 408 F.3d 559, 562 (9th Cir. 2005). Thus, service of process was not permitted upon the defendants named in those claims, viz., Dovey, Grannis, Broddrick, McDonald, Perez, Cochran, Peterson, Stafford, Vanderville, Beeman and Simpson. Accordingly, these claims and defendants will be dismissed from this action pursuant to this order.

7. Plaintiff failed to state a due process claim based on disciplinary credit forfeiture on the ground that he was the nonaggressor in a prison riot, as set forth in his paragraphs numbered 2, 3, 4, 8, and 9. As the magistrate judge concluded, the California Administrative Code accords all process that is due pursuant to the hearing on the alleged rule violation, without establishing an independent federal constitutional right. Thus, service of process was not permitted upon the defendants named in those claims, viz., Dovey, Grannis, Broddrick, McDonald, Perez, Cochran, Peterson, Stafford, and Vanderville. Accordingly, these claims and defendants will be dismissed from this action pursuant to this order.

---

[1] The magistrate judge designated the paragraph numbers of plaintiff's Second Amended Complaint as plaintiff's "Claims," resulting in the omission of reference to some paragraphs. All paragraphs/claims are now accounted. See n. 2, infra.

8.  Plaintiff failed to state a claim challenging the denial of contact visits, as set forth in his paragraphs numbered 21 through 25. There is no independent constitutional right to social visits for incarcerated persons, <u>Kentucky Dept. of Corrections v. Thompson</u>, 490 U.S. 454 (1989), and state law does not give rise to a liberty interest in family visitation protectible under the federal constitution, <u>see</u>, e.g., <u>Pro-Family Advocates v. Gomez</u>, 46 Cal.App.4th 1674, 1682 (1996).

Plaintiff has twice amended his complaint, and no further amendments are warranted. As the magistrate judge concluded, plaintiff has properly stated only a narrow set of claims, specifically, those challenging the prison's policy forbidding inmates from viewing and possessing nonobscene materials that display female nudity. These claims were identified by the magistrate judge as "Claims 15 through 20," as well as Claim 26 (<u>see</u> Magistrate Judge's Order, Dkt. No. 13, at 7, fn. 3). Plaintiff's related paragraphs numbered 10 through 14 shall also be included. Accordingly, service of process shall proceed only on these claims as to defendants Dovey, Woodford, Wedimire, and Barron.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion filed December 28, 2009 (Dkt. No. 25), to vacate the magistrate judge's screening order, is denied.

2. Plaintiff's motion filed March 8, 2010 (Dkt. No. 33), to renew the stay in this action pending the court's decision on plaintiff's motion filed December 28, 2009, is also denied.

3. All alleged claims but those set forth in Paragraphs 10 through 20, and 26, of plaintiff's Second Amended Complaint (Dkt. No. 13), are dismissed without further leave to amend.[2]

4. The following defendants are dismissed with prejudice from this action: the California Department of Corrections & Rehabilitation, Armoshus, Beeman, Blaylock, Broddrick, Chapman, Cochran, Dangler, Dovey, Dreith, Felker, Flaherty, Gower, Grannis,

---

[2] The paragraphs omitted from reference in the magistrate judge's order that are not otherwise referenced in this order are the following: Paragraph No. 1, which does not allege a cognizable claim; and Paragraph Nos. 40 through 43, which repeat plaintiff's denial of access claims set forth in Paragraph Nos. 27 through 39, which are dismissed.

Jackson, Keating, Kraft, McDonald, Perez, Peterson, Robertson, Stafford, Statti, Simpson, and Vanderville.

IT IS SO ORDERED.

Dated: March 10, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE