IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ALEXANDER,

        Plaintiff,                      No. 2:08-cv-2773 MCE KJN P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.             ORDER

_____/

        Plaintiff moves for an order of this court pursuant to Federal Rule of Civil Procedure ("Rule") 54(b), to accord final judgment to this court's order filed March 11, 2010, which dismissed several parties and claims in this action. Plaintiff seeks such an order so that he may appeal the resulting partial final judgment.

        Plaintiff previously sought to appeal the contested order. The Ninth Circuit Court of Appeals found that it lacked jurisdiction to consider the matter because the challenged order was neither final nor appealable, citing Rule 54(b), and Chacon v. Babcock, 640 F.2d 221, 222 (9th Cir. 1981) (order not appealable unless it disposes of all claims as to all parties, or judgment as to fewer than all claims or all parties is designated as final pursuant to Rule 54(b)). Rule 54(b) provides:

1

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

This provision reflects "[t]he historic rule in the federal courts . . . prohibit[ing] piecemeal disposal of litigation," as well as the option of "avoid[ing] the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case." Fed. R. Civ. P. Advisory Notes to Rule 54 (1946).

Rule 54(b) does not address the standards which a court should apply when assessing a motion to modify an interlocutory order; however, courts look to the standards under Rule 59(e) and Rule 60(b) for guidance. See <u>Cal. Dept. of Toxic Substances Control v. Payless Cleaners</u>, No. CIV. S-02-2389, 2007 WL 2712172, at *2 (E.D. Cal. 2007); <u>Am. Rivers</u> [American Rivers v. NOAA Fisheries], 2006 WL 1983178, at *2 (D. Or. 2006). "Under Rule 59(e), it is appropriate to alter or amend a judgment if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." <u>United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.</u>, 555 F.3d 772, 780 (9th Cir. 2009) (internal quotation marks omitted). Moreover, "Rule 60(b) permits a district court to provide relief from a final judgment, order or proceeding if the moving party can show:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other

reason that justifies relief." Jadwin v. County of Kern, 2010 WL 1267264, at *9 (E.D. Cal. March 31, 2010).

      Plaintiff makes none of these allegations, instead asserting that the court's analysis was wrong and that he cannot pursue an appeal absent the requested Rule 54(b) "final judgment" designation. Plaintiff's substantive challenges to the court's order have previously been considered and rejected. (See Dkt. No. 34 (the contested order, in which the district judge denied plaintiff's motion to "vacate/nullify" (Dkt. No. 25) the magistrate judge's screening order (Dkt. No. 16).) For the detailed reasons set forth in the prior magistrate judge's screening order, the undersigned finds no substantive basis for plaintiff's current motion.

      Moreover, application of the rule prohibiting piecemeal litigation accords important flexibility to this court. "[T]he Ninth Circuit has recognized that '[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.' City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks omitted) . . . ." Jadwin v. County of Kern, 2010 WL 1267264, *9 (E.D. Cal. 2010). "A district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law." Abada v. Charles Schwab & Co., Inc., 127 F. Supp.2d 1101, 1102 (S.D. Cal. 2000). These options are particularly suited to pro se prisoner litigation, which are often unwieldy at the outset, requiring construction and shaping by the court, yet where pertinent facts and parties may be revealed over time, occasionally requiring reinstatement of a party or a claim. These considerations weigh against a finding that "there is no just reason for delay," Fed. R. Civ. P. 54(b), that would warrant entry of final judgment as to this court's order filed March 11, 2010, and thus narrow this court's discretion in the further handling of this case. Rather, it is more prudent to retain the court's discretion as this case proceeds and thus to deny the instant motion.

////

1     For the foregoing reasons, IT IS HEREBY ORDERED that:

2     1. Plaintiff's motion (Dkt. No. 52) for an order pursuant to Federal Rule of Civil Procedure 54(b) designating as final this court's order filed March 11, 2010 (Dkt. No. 34) is denied.

DATED: October 8, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE