IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES ALEXANDER, | | |
| Plaintiff, | No. 2:08-cv-2773 MCE KJN P | |
| vs. | | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | | |
| Defendants. | ORDER | |
| _____ / | | |

Plaintiff seeks an order authorizing service of three subpoenas duces tecum by the U.S. Marshal upon, respectively, the California Attorney General, Dr. Terry Kupers, and the Kinsey Institute. (Dkt. No. 53.)

Pursuant to Federal Rule of Civil Procedure 45(a)(2)(c), a subpoena may direct a non-party to an action to produce documents or other tangible objects for inspection. Because plaintiff is proceeding in forma pauperis, he is generally entitled to obtain service of a subpoena duces tecum by the United States Marshal. 28 U.S.C.1915(d); (Service of subpoenas must be made by personal service or the subpoena is null and void. Fed. R. Civ. P. 45(c); Gillam v. A. Shyman, Inc., 22 F.R.D. 475 (D. Alaska 1958).) However, the issuance of a subpoena duces tecum, particularly by the U.S. Marshal, is subject to limitations.

1

1          This case proceeds on plaintiff's Second Amended Complaint (Dkt. No. 13) against four employees of the California Department of Corrections and Rehabilitation, based on allegations that plaintiff, a heterosexual male, has been improperly denied access to non-obscene materials depicting female nudity.  Plaintiff asserts that on May13, 2008, staff confiscated his magazines depicting female nudity.  Plaintiff claims that this action, and the policy that underlies it, result in an atypical and significant hardship in violation of the Eighth Amendment, because it results in deviant sexual expression, e.g., homosexuality and sexual harassment of female correctional officers.  Plaintiff also claims that the policy violates his Fourteenth Amendment right to equal protection because it constitutes gender/sexual orientation discrimination, and because it is not uniformly applied in all prisons.  Plaintiff also claims that the policy violates his Fourth Amendment right to engage in private sexual conduct and to be secure in his papers.  Finally, plaintiff claims that the policy appears to be religiously based and hence improperly infringes on plaintiff's rights under the First Amendment's establishment cause requiring separation of church and state.

          Pursuant to the first of his proposed subpoenas duces tecum, plaintiff seeks the following eleven broad categories of documents from Edmund G. Brown, Jr., California Attorney General:  all California Department of Justice statistics or records demonstrating (1) the number of reported incidents within the last 25 years of male prisoners sexually harassing female and male correctional employees; (2) the number of reported cases within the last 25 years of prisoners sexually assaulting other California prisoners; (3) the number of homosexual and transgender male prisoners currently incarcerated; (4) the number of prisoners "currently serving sentences for one count of non-violent residential burglary who also have two or more prior 'strike' convictions, but who were sentenced as a first time or second time offender and did not receive a life sentence under California's 'Three Strikes Law;'" (5) the number of male prisoners who have received conjugal visits from same-sex partners; (6) the number of parolees returned to prison after committing a new crime involving sexual predation, and a description of the crime;

(7) the effects of sexual repression in prisoners; (8) homosexuality in prison; (9) sexual harassment of female correctional officers by male prisoners; (10) sex crimes by prisoners against prisoners; and (11) parolees committing sex crimes. (Dkt. No. 53, at 3-5.)

From psychiatrist Terry Kupers, M.D., in Piedmont, California, plaintiff seeks "any and all data/reports in your possession" that: (1) address "the adverse/non-adverse [e]ffects of 'sexual repression or suppression' or 'sexuality that is repressed or supressed;" (2) "support or substantiate the fact (or theory) that human beings are innately 'sexual;' and (3) "support or substantiate the fact (or theory) that homosexual behavior can surface as a result of sexual repression/suppression." (Id. at 7-8.)

Finally, from the "Kinsey Institute" in Bloomington, Indiana, plaintiff seeks "[a] list of names and contact information for any and all psychiatrists, psychologists, sociologists (or any other professional who would qualify as an 'expert')" that (1) "specializes in the study of 'sexual repression/suppression' or 'sexuality that is repressed or suppressed;'" (2) "could attest to the fact that human beings are innately 'sexual;'" and (3) "could attest to the various explanations of why some human beings engage in homosexual behavior;" as well as "[a]ny and all data/reports maintained by the Kinsey Institute" that (4) "analyzes and/or studies the adverse/non-adverse [e]ffects of 'sexual repression/suppression' or 'sexuality that is repressed or suppressed;'" (5) "would support or substantiate the fact (or theory) that human beings are innately 'sexual;'" and (6) "would support or substantiate the fact (or theory) that homosexual behavior can surface as a result of sexual repression or suppression." (Id. at 10-11.)

Proper reliance on a subpoena duces tecum is limited by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"), and considerations of

////

////

////

3

burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2)[1] and 45(c)(1). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery"), citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984); see also, United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605. In addition, this court has generally required that a motion for issuance of a subpoena duces tecum be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, 2010 WL 1948560, *1 (E.D. Cal. 2010); Williams v. Adams, 2010 WL 148703, *1 (E.D. Cal. 2010).

Applying these standards, the court finds service appropriate only for plaintiff's proposed subpoena duces tecum upon the Attorney General, as significantly limited herein.

Plaintiff does not explain the importance of Dr. Kupers' research or opinions. A

---

[1] See, e.g., Fed. R. Civ. P. 26(b)(2)(C), which requires that the court, "[o]n motion or on its own . . . must limit the frequency or extent of discovery otherwise allowed . . . if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

cursory "Google" search[2] indicates that Dr. Kupers teaches at the Wright Institute in Berkeley, California, and that "[h]is forensic psychiatry experience includes testimony in several large class action litigations concerning jail and prison conditions, sexual abuse, and the quality of mental health services inside correctional facilities." See http://www.wi.edu/faculty_kupers.html. While Dr. Kupers' expertise may be generally relevant to this action, plaintiff does not explain, and this court does not find that such information is uniquely available from Dr. Kupers, or cannot be independently obtained by plaintiff through Dr. Kupers' published writings or pursuant to a simple request. Reliance on the authority of the court to issue a subpoena duces tecum on a private party whom plaintiff implicitly seeks as an advocate would be improper. Plaintiff's request for issuance of a subpoena duces tecum on Dr. Kupers will be denied.

Plaintiff's request to the Kinsey Institute is similarly flawed. The data and findings of the Kinsey Institute are widely available and, absent a staff member being hired as an expert in a particular case, the organization cannot reasonably be expected to provide individualized responses. As with Dr. Kupers, plaintiff has the alternative choices of identifying relevant published work or making a simple request. Plaintiff's request for issuance of a subpoena duces tecum on the Kinsey Institute will therefore be denied.

The role of the Attorney General in this action is different, because the department, through counsel, represents defendants. While the named defendants likely do not have documents responsive to plaintiff's requests, the Attorney General may. Moreover, the statistical information plaintiff seeks from the Attorney General appears to be possibly relevant to plaintiff's claims, although the requests are overbroad. The court will therefore authorize service of plaintiff's subpoena duces tecum on the Attorney General, subject to the following

---

[2] While this source does not meet the requirements of Federal Rule of Evidence 201 (authorizing a court to take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned), the court relies on this information solely for the purpose of expeditiously assessing the probable basis for proposed discovery on Dr. Kupers.

5

limitations:

> The Attorney General shall generally construe plaintiff's subpoena as requesting any data, numbers or statistics, set forth in final report-form, and any other final report, or written policies or practices, that address the sexuality of California prisoners within the last twenty[3] years. In the present context, "sexuality" shall refer to any heterosexual, homosexual, or transgender activities, as well as incidents of sexual harassment or assault by inmates upon other inmates or correctional staff.

While the details of plaintiff's requests may be relied upon for additional insight into the types of materials he seeks, the requests shall not be responded to on an individual basis. Rather, the requests shall be viewed collectively, as described by the court above. In addition, the last paragraph of the subpoena (seeking to impose damages in the event of noncompliance) shall be ignored.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion (Dkt. No. 53) for the Issuance of three Subpoenas Duces Tecum is denied in part and granted in part;

2. The Clerk of Court is directed to forward to the U.S. Marshal the following:

    a. The attached Form No. AO-88B ("Subpoena to Produce Documents");

    b. A copy of this order; and

    c. Pages 3-5 of plaintiff's motion (Dkt. No. 53);

3. The U.S. Marshal is directed to serve, within fourteen (14) days after the filing date of this order, and without prepayment of costs, on Edmund G. Brown, Jr. (or authorized agent), California Attorney General, California Department of Justice, 1300 "I" Street, Sacramento, California 94244-2550, the following:

    a. The attached Form No. AO-88B, ("Subpoena to Produce Documents");

    b. A copy of this order; and

    c. Pages 3-5 of plaintiff's motion (Dkt. No. 53).

---

[3] Plaintiff has been incarcerated since 1993. See California Department of Corrections and Rehabilitation "Inmate Locator," at http://inmatelocator.cdcr.ca.gov/search.aspx.

4. The Attorney General shall, within thirty (30) days after service of the attached subpoena duces tecum and this order, serve by mail the documents sought by plaintiff's subpoena duces tecum, as limited by this order.

SO ORDERED.

DATED: October 15, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

alex2773.sdtecum