IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ALEXANDER,

    Plaintiff,                     No. 2:08-cv-2773 MCE KJN P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court are the following matters: (1) Defendants' motion for protective order (Dkt. No. 57); (2) Plaintiff's "renewed" motion for the issuance and service of two subpoena duces tecum (Dkt. No. 64); and (3) Plaintiff's motion to compel discovery (Dkt. No. 69). For the following reasons, the court grants defendants' motion and denies plaintiff's motions; however, the court authorizes the issuance of the requested subpoenas duces tecum for service by plaintiff rather than by the United States Marshal.

<u>Background</u>

        This case proceeds on Claims 15 through 20 of plaintiff's Second Amended

1

1  Complaint ("SAC" or "complaint") filed February 12, 2009 (Dkt. No. 13), as construed by this
2  court by order filed October 14, 2009 (Dkt. No. 16).  Plaintiff contends that employees of the
3  California Department of Corrections and Rehabilitation ("CDCR"), in violation of the First
4  Amendment, improperly denied plaintiff access to non-obscene materials depicting female nudity
5  while he was incarcerated at High Desert State Prison ("HDSP").  This action proceeds against
6  four defendants:  CDCR administrators Dovey and Woodford, and HDSP correctional officers
7  Wedemeyer and Barron.  Defendants answered the complaint on May 3, 2010.  (Dkt. No. 41.)
8  On July 13, 2010, this court issued a discovery and initial scheduling order, setting a discovery
9  deadline of December 31, 2010.  (Dkt. No. 50.)

Defendants' Motion for Protective Order/Plaintiff's Motion to Compel

All defendants move for a protective order relieving them of the obligation to respond to plaintiff's First Set of Interrogatories, and defendants Dovey and Woodford also seek to be relieved of their obligation to respond to plaintiff's First Set of Requests for Admissions. (Dkt. No. 57.)  Plaintiff has not filed an opposition to the motion, but has filed a motion to compel discovery which addresses the same matters.  (Dkt. No. 69.)  The court construes plaintiff's motion, in part, as an opposition to defendants' motion.

Rule 26(c)(1), Federal Rules of Civil Procedure, provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending," and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."

Defendants assert that plaintiff's interrogatories inappropriately seek personal information about each defendants' sexual conduct and opinions.  Review of the disputed interrogatories served on each defendant supports this construction.[1]  Such information is not

---

[1] See, e.g., Interrogatory No. 2 served on Wedemeyer and Barron ("Have you ever viewed pornographic materials that displayed female nudity (in your personal life)?"); Interrogatory No. 4 served on Wedemeyer and Barron ("Are you a homosexual or have you ever

relevant to the constitutional issue in this case. Defendants' personal conduct and opinions are irrelevant. Plaintiff's interrogatories are, without exception, offensive and potentially embarrassing to defendants. No defendant will be required to answer these interrogatories.

Defendants also challenge plaintiff's requests for admissions served on defendants Dovey and Woodford.[2] Request Nos. 4 and 6 to each of these defendants are inappropriate and offensive.[3] Neither defendant will be required to answer these requests.

The only remaining matter, plaintiff's motion to compel the production of documents, does not appear to be at issue based on defendants' requests for extensions of time to complete production. (See Dkt. Nos. 58, 68 (orders granting extensions of time for defendants to produce responsive documents).) Therefore, this portion of plaintiff's motion will be denied without prejudice as moot.

Plaintiff's Renewed Motion for Issuance of Subpoenas Duces Tecum

Plaintiff has filed a "Renewed Motion," again seeking an order of this court authorizing the issuance and service of subpoenas duces tecum on non-parties Dr. Terry Kupers and the Kinsey Institute. (Dkt. No. 64; see also Dkt. Nos. 53, 56 .) By order filed October 18, 2010, this court granted in part plaintiff's prior motion for issuance and service of three

---

engaged in homosexual activities?"); Interrogatory No. 16 served on Dovey and Woodford ("Do you personally believe that effeminate/homosexual males tend to be more submissive than masculine/ heterosexual men? Regardless of the answer, why do you believe that?"); Interrogatory No. 18 served on Dovey and Woodford (""Do you agree that homosexual males have attributes that qualify them as an ideal 'perfect prisoner'? If not, why do you disagree?"). (Motion for Protective Order (Dkt. No. 57), Exhs. A and B; Motion to Compel (Dkt. No. 69), Exh. A.)

[2] Defendants do not challenge the Requests for Admissions served on defendants Wedemeyer and Barron, neither of which presents the problems discussed herein. (See Motion to Compel (Dkt. No. 69), Exh. B.)

[3] See Request for Admission No. 4 served on Dovey and Woodford ("You are anti-heterosexual and heterophobic (when it applies to male prisoners).);" Request for Admission No. 6 served on Dovey and Woodford ("You have a sadistic propensity towards prisoners (against male prisoners in particular).)" (Motion for Protective Order (Dkt. No. 57), Exh. C; Motion to Compel (Dkt. No. 69), Exh. B.)

3

subpoenas duces tecum, granting a portion of plaintiff's motion as to the California Attorney General, but denying plaintiff's motion as to Dr. Kupers, a California psychiatrist, and the Kinsey Institute, located in Bloomington, Indiana.

Responding to several of the factors previously considered by the court, plaintiff now contends that the material he seeks from each non-party is relevant to this action because it "will help substantiate plaintiff's claims" by "illustrat[ing] the adverse [e]ffects of sexual repression/ suppression," and assist plaintiff in the identification of experts who may testify in plaintiff's favor. (Dkt. No. 64, at 4-5.) Plaintiff asserts that his indigence and incarceration, as well as the failure of either non-party to respond to plaintiff's informal requests for information, accord him no alternative to a subpoena duces tecum.

Plaintiff seeks from each non-party the identical information he sought in his prior motion. (Cf. Dkt. No. 64, at 15-19, with Dkt. No. 53, at 18-19, 21-23.) As earlier summarized by the court (Dkt. No. 56, at 3 (citations omitted) (emphasis added)):

> From psychiatrist Terry Kupers, M.D. . . . plaintiff seeks **"any and all data/reports in your possession"** that: (1) address "the adverse/non-adverse [e]ffects of 'sexual repression or suppression' or 'sexuality that is repressed or suppressed;'" (2) "support or substantiate the fact (or theory) that human beings are innately 'sexual;' and (3) "support or substantiate the fact (or theory) that homosexual behavior can surface as a result of sexual repression/suppression."
>
> Finally, from the "Kinsey Institute". . . plaintiff seeks "[a] **list of names and contact information for any and all psychiatrists, psychologists, sociologists** (or any other professional who would qualify as an 'expert')" that (1) "specializes in the study of 'sexual repression/suppression' or 'sexuality that is repressed or suppressed;'" (2) "could attest to the fact that human beings are innately 'sexual;'" and (3) "could attest to the various explanations of why some human beings engage in homosexual behavior;" as well as "[a]ny and all data/reports maintained by the Kinsey Institute" that (4) "analyzes and/or studies the adverse/non-adverse [e]ffects of 'sexual repression/suppression' or 'sexuality that is repressed or suppressed;'" (5) "would support or substantiate the fact (or theory) that human beings are innately 'sexual;'" and (6) "would support or substantiate the fact (or theory) that homosexual behavior can surface as a result of sexual repression or suppression."

////

1    As the court previously noted, the court's authorization of a subpoena duces
2 tecum requested by an in forma pauperis plaintiff is subject to limitations. Because personal
3 service of a subpoena duces tecum is required, Federal Rule of Civil Procedure 45(b),
4 "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not
5 taken lightly by the court," Austin v. Winett, 2008 WL 5213414, *1 (E.D. Cal. 2008); 28 U.S.C.
6 § 1915(d). Limitations include the relevance of the information sought as well as the burden and
7 expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A
8 motion for issuance of a subpoena duces tecum should be supported by clear identification of the
9 documents sought and a showing that the records are obtainable only through the identified third
10 party. See, e.g., Davis v. Ramen, 2010 WL 1948560, *1 (E.D. Cal. 2010); Williams v. Adams,
11 2010 WL 148703, *1 (E.D. Cal. 2010). The "Federal Rules of Civil Procedure were not intended
12 to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with
13 a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991); see also,
14 United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may
15 award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the
16 benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605.
17    Applying these standards, the court will again deny plaintiff's motion for issuance
18 and service of subpoenas duces tecum on Dr. Kupers and the Kinsey Institute. As the court
19 previously noted, while Dr. Kupers' expertise may be generally relevant to this action, plaintiff
20 has not demonstrated that the information sought from Dr. Kupers is uniquely available from him
21 or cannot be independently obtained through his published writings (rather than through Dr.
22 Kupers directly). The scope of the requested subpoenas is overly broad, seeking information
23 beyond that authored by Dr. Kupers (seeking, for example, "any and all data/reports in your
24 possession"), and beyond the constitutional issue presented by this case (seeking, for example,
25 documents that "support or substantiate the fact (or theory) that human beings are innately
26 'sexual;'" and "support or substantiate the fact (or theory) that homosexual behavior can surface

5

as a result of sexual repression/suppression"). (Dkt. No. 64, at 15-16.)

Plaintiff's request to the Kinsey Institute is also overly broad, seeking "a list of names and contact information for any and all psychiatrists, psychologists, sociologists (or any other professional who would qualify as an 'expert')" with specialities in the identified subject matters. (Dkt. No. 64, at 17-18.) As the court earlier noted, the findings of the Kinsey Institute are widely available and the organization cannot reasonably be expected to provide such individualized responses.

For these reasons, plaintiff's "renewed" motion for issuance and service of subpoenas duces tecum on Dr. Kupers and the Kinsey Institute will again be denied.

Plaintiff requests, alternatively, that the court direct the Clerk of Court to issue the requested subpoenas so that plaintiff, rather than the United States Marshal, may serve them. Plaintiff is correct that the issuance of a subpoena duces tecum in a pending case is a matter of right, with the burden of quashing the subpoena resting on the person or entity to whom the subpoena is directed. See Fed. R. Civ. P. 45(a)(3) ("[t]he clerk must issue a subpoena, signed but otherwise blank, to a party who requests it"); (c) (procedures for modifying or quashing a subpoena); see also, Sullivan v. Dickson, 283 F.2d 725, 727 (9th Cir. 1960), cert. denied, 366 U.S. 951 (1961), reh'g denied, 368 U.S. 962 (1962); accord, Goodman v. United States, 369 F.2d 166, 169 (9th Cir. 1966). On this basis, the court will direct the Clerk of Court to mail to plaintiff, with this order, two new subpoenas duces tecum, signed by the Clerk but otherwise blank, for completion and service by plaintiff. Plaintiff is informed that personal service of the subpoenas must comply with Federal Rule of Civil Procedure 45(b). Plaintiff is further informed that he may be required to reasonably compensate Dr. Kupers or the Kinsey Institute upon proper motion. See Fed. R. Civ. P. 45(c)(3)(C)(ii).

Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' Motion for Protective Order (Dkt. No. 57) is granted; all

6

defendants are relieved of the obligation to respond to plaintiff's First Set of Interrogatories, and defendants Dovey and Woodford are relieved of the obligation to respond to Request Nos. 4 and 6 of plaintiff's First Set of Requests for Admission; defendants need not respond to any other discovery request propounded by plaintiff that seeks information about any defendant's personal conduct or opinions.

        2. Plaintiff's Motion to Compel Discovery (Dkt. No. 69) is denied.

        3. Plaintiff's Renewed Motion for the Issuance and Service of Two Subpoenas Duces Tecum (Dkt. No. 64) is denied.

        4. The Clerk of Court is directed to mail to plaintiff, with this order, two signed, but otherwise blank, subpoenas duces tecum for service by plaintiff.

        SO ORDERED.

DATED: December 8, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

alex2773.sdtecum.2