IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALEXANDER, | No. 2:08-cv-02773 MCE KJN P |
| Plaintiff, | |
| vs. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |
| _____/ | |

     Plaintiff moves for reconsideration of this court's order filed March 11, 2010, which denied plaintiff's motion to vacate the magistrate judge's screening order, and dismissed from the operative Second Amended Complaint noncognizable legal claims and defendants against whom plaintiff failed to state a potentially cognizable claim. (ECF Nos. 76, 34.) This order represents the second time the undersigned has considered and rejected plaintiff's challenges to the magistrate judge's screening order. Plaintiff is admonished to refrain from filing any further challenges.

///

///

1    Plaintiff premises his motion on Federal Rule of Civil Procedure 54(b), which
2 provides that "any order or other decision, however designated, that adjudicates fewer than all the
3 claims or the rights and liabilities of fewer than all the parties does not end the action as to any of
4 the claims or parties and may be revised *at any time* before the entry of a judgment adjudicating
5 all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (emphasis added).
6 Local Rule 230(j), which does not set forth a deadline, requires that a party seeking
7 reconsideration of a district court's order must brief "what new or different facts or
8 circumstances are claimed to exist which did not exist or were not shown upon such prior
9 motion, or what other grounds exist for the motion." The rule derives from the "law of the case"
10 doctrine which provides that the decisions on legal issues made in a case "should be followed
11 unless there is substantially different evidence . . . new controlling authority, or the prior decision
12 was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp.,
13 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir.
14 1985), cert. denied, 475 U.S. 1064 (1986). Although motions to reconsider are directed to the
15 sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C.
16 P.R. 1981), considerations of judicial economy weigh heavily in the process. Thus, courts
17 construing Federal Rule of Civil Procedure 59(e), which authorizes the alteration or amendment
18 of a final judgment, emphasize that a motion to reconsider is not a vehicle permitting the
19 unsuccessful party to "rehash" arguments previously presented, or to present "contentions which
20 might have been raised prior to the challenged judgment." Costello v. United States, 765 F.
21 Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.
22 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).
23 ///
24 ///
25 ///
26 ///

1    Plaintiff is a state prisoner who challenges prison regulations that allegedly ban
2 possession of material depicting non-obscene female nudity.  This court previously ruled, in the
3 order now challenged, that these are plaintiff's only cognizable claims.  The court dismissed
4 plaintiff's other claims premised, in pertinent part, on allegations that he was denied access to the
5 courts, was subject to retaliation for exercising his First Amendment rights, and was denied due
6 process due to a disciplinary credit forfeiture based on plaintiff's assertion that he was not an
7 aggressor in a prison riot.  (ECF No. 34.)  The court concluded that "[p]laintiff has twice
8 amended his complaint, and no further amendments are warranted."  (Id. at 3.)

9    Plaintiff now seeks to reinstate, pursuant to a proposed Third Amended Complaint,
10 dismissed Claims 2-4, 6-9, 23-25, and 32-36, as currently set forth in plaintiff's Second
11 Amended Complaint.  (ECF No. 76.)  Plaintiff claims that the undersigned's dismissal of these
12 claims was "clearly erroneous and manifestly unjust."  (Id. at 3.)

13    Plaintiff contends that Claims 2-4, 6, 8, and 9 state a claim for denial of plaintiff's due
14 process rights "when he was subjected to onerous punishment (disciplinary actions and
15 placement into the most restricted 'main line' custody designation), after he merely defended
16 himself during a prison riot."  (ECF No. 76 at 3.)  Plaintiff asserts that he has a "State Created,
17 Liberty Interest" in defending himself, citing the California Constitution.  (Id.)  The magistrate
18 judge carefully considered these allegations and concluded that California regulations accord all
19 the process that is due pursuant to a hearing on the alleged rule violation, wherein plaintiff was
20 entitled to assert that he was a nonaggressor in the riot.  (ECF No. 16 at 5-9.)  The undersigned
21 adopted this reasoning in March 2010, on the appropriate ground that plaintiff's allegations are
22 not cognizable in federal court because not premised on a federal constitutional right.  (ECF No.
23 34 at 2.)  See 28 U.S.C. § 1331.
24 ///
25 ///
26 ///

Plaintiff next contends that he sufficiently plead the five basic elements of First Amendment retaliation[1] in his Claim 7, which alleges in full (ECF No. 13 at 5):

> Defendant[s] (2), (4), (5), (7), (9), (11)-(13), and (15) [elsewhere in the complaint plaintiff identifies specific defendants by these numbers] violated plaintiff's 1st Amendment right (to be free from retaliation after filing prison grievances), where plaintiff frequently files prison grievances and was subjected to onerous punishment for merely protecting his life during a riot as a result.

Plaintiff asserts that these allegations plead the first four Rhodes elements expressly, while the fifth element may reasonably be inferred. (ECF No. 76 at 5-6.) The magistrate judge concluded that, although the court had instructed plaintiff as to the necessary elements and accorded plaintiff an opportunity to amend (ECF No. 16 at 5), plaintiff's Claim 7 still fails to state a claim for retaliation. Plaintiff's ubiquitous allegation that officials treated him unfairly based on his purported conduct during a prison riot does not allege an adverse action due to federally protected conduct. Plaintiff's further assertion that he "frequently files prison grievances" also fails to allege the requisite relationship. Plaintiff's Claim 7 does not state a potentially cognizable retaliation claim, as found by this court in March 2010. (ECF No. 34 at 2.)

Plaintiff next contends that he states a cognizable cause of action pursuant to his Claims 23-25, wherein plaintiff alleges a denial of his "14th Amendment right ['liberty interest'] to receive family/conjugal visits." (ECF No. 76 at 6-8, referencing ECF No. 13 at 8.) The magistrate judge carefully considered this matter and properly concluded that there exists no federal constitutional entitlement to family or contact visits by a prisoner. (ECF No. 16 at 6-7.)

///
///

---

[1] These elements are set forth in Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005): "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

As the undersigned noted when last reviewing this contention, "[t]here is no independent constitutional right to social visits for incarcerated persons, <u>Kentucky Department of Corrections v. Thompson</u>, 490 U.S. 454 (1989), and state law does not give rise to a liberty interest in family visitation protectible under the federal constitution, see e.g. <u>Pro-Family Advocates v. Gomez</u>, 46 Cal. App. 4th 1674, 1682 (1996)." (ECF No. 34 at 3.)  Nor does the denial of contact visits state a claim under the Eighth Amendment.  As found by the magistrate judge, "[t]he United States Court of Appeals for the Ninth Circuit has held that denial of contact visitation does not violate the Eighth Amendment's proscription against cruel and unusual punishment and 'is part of the penalty that criminals pay for their offenses against society.' <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1114 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987)." (ECF No. 16 at 6-7.)

Finally, plaintiff contends that his Claims 32-36 set forth a potentially cognizable claim for denial of access to the courts.  These claims allege that ten different defendants failed to process plaintiff's administrative appeals on eleven different dates.  The magistrate judge concluded that plaintiff had failed to allege sufficient facts which, if proven, would demonstrate that defendants' alleged conduct prevented plaintiff from bringing, or caused him to lose, an actionable claim, citing <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (setting forth the "actual injury requirement" pursuant to which an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded"). (ECF No. 16 at 4-5.)

The disputed claims include general allegations that plaintiff was denied the opportunity "to submit citizen complaints against prison staff" (Claims 32, 34, 35); these claims do not assert denial of access to the courts.  Plaintiff also alleges that he was denied the opportunity to pursue his Eighth Amendment claim challenging "HDSP's defective construction/structural integrity -- which was compromised/damaged after several earthquakes and poses great potential harm to plaintiff if his housing building collapses" (Claim 33); and that he was denied the opportunity to pursue alleged "misconduct in the mailroom, which amounted to violations of plaintiff's 1st, 8th, and 14th Amendment rights (tampering, destroying, and delaying the delivery of mail; no notice

1  of return-to-sender mail; and failure to provide documents to establish when mail was sent to or
2  receive[d] by the prison for plaintiff") (Claim 36).  Claims 33 and 36 assert only that plaintiff
3  was unable to pursue an administrative appeal, not that this resulted in the loss of a federally
4  cognizable claim.  Moreover, plaintiff does not claim actual injury pursuant to Claim 33.  Nor
5  does plaintiff allege, pursuant to Claim 36, that the alleged mailroom misconduct prevented him
6  from pursuing a nonfrivolous claim in federal court, only that the alleged misconduct violated
7  institutional procedures.  As this court previously concluded,"[d]espite instruction by this court
8  and opportunity to amend his complaint accordingly, plaintiff failed to . . . allege facts
9  demonstrating that defendants prevented him from bringing or pursuing an actionable claim" for
10 denial of access to the courts.  (ECF No. 34 at 2 (citation and parentheses omitted).)

11        For the foregoing reasons, the court finds no substantive basis to authorize the filing of
12 plaintiff's proposed Third Amended Complaint.  The instant motion represents no more than a
13 "rehash" of plaintiff's previous arguments, Costello, supra, 765 F. Supp. at 1009, previously and
14 properly rejected by this court.  Moreover, defendants have answered the operative Second
15 Amended Complaint, several discovery disputes have been made and resolved thereon, and
16 discovery has now closed.  Any amendment of the complaint at this time would be unduly
17 prejudicial to defendants.  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Bowles v. Reade,
18 198 F.3d 752, 757-58 (9th Cir. 1999) (district court may also consider the factor of undue delay).

19        Plaintiff is reminded that a litigant proceeding in forma pauperis may suffer restricted
20 access to the court when it is determined that he has filed excessive or repetitive motions in a
21 pending action.  DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v.
22 Beaman, 878 F2d 351, 352 (10th Cir. 1989).  Plaintiff's motion on the matters addressed herein
23 is both repetitive and excessive.  Should plaintiff fail to exercise proper restraint in the future, the
24 court will consider appropriate sanctions.

25 ///
26 ///

1    Accordingly,  IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 76) for
2  reconsideration of this court's order filed March 11, 2010, and for leave to file a Third Amended
3  Complaint, is denied.  Upon reconsideration, this court's order filed March 11, 2010 (ECF No.
4  34) is hereby affirmed.
5    IT IS SO ORDERED.
6   Dated: March 9, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE