IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ALEXANDER,

    Plaintiff,                   No.  2:08-cv-2773 MCE KJN P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

        Plaintiff has filed a motion for extension of time to file and serve a notice of appeal.  For the reasons that follow, the undersigned recommends that plaintiff's original Notice of Appeal be deemed timely filed.

        On March 29, 2012, this court entered judgment against plaintiff, pursuant to granting defendants' motion for summary judgment. (Dkt. Nos. 109, 110.)

        On May 24, 2012, the court received from plaintiff a request for information concerning the status of his "Notice of Appeal," which plaintiff stated that he had "recently filed" with this court. (Dkt. No. 111.)  On June 1, 2012, the Clerk of Court informed plaintiff that this court had not received a notice of appeal in this action.  (Id.)

////

////

On June 25, 2012, this court received the instant "Motion for Extension of Time to File a Second Notice of Appeal," pursuant to Rule 4(a)(5), Federal Rules of Appellate Procedure. (Dkt. No. 112.) Pursuant to the instant motion, plaintiff avers that, through no fault of his own, his original Notice of Appeal was never processed by the district court. Attached to plaintiff's motion is a copy of his Notice of Appeal,[1] signed by plaintiff on April 22, 2012, which includes a "proof of service," also dated April 22, 2012, indicating service of the Notice on this court and the Office of the Attorney General. (Dkt. No. 112 at 9-12 (Exh. B).) Also attached is a copy of plaintiff's institutional mail log (id. (Exh. E)), which indicates that plaintiff's mail addressed to the United States District Court, Eastern District of California, was posted on April 23, 2012 (Dkt. No. 112 at 19), and his mail addressed to the California Office of the Attorney General was posted on April 24, 2012 (id. at 17). In addition, plaintiff has attached a copy of an inmate library pass issued to plaintiff on June 12, 2012. (Id. (Exh. D).) Plaintiff states that, after receiving the court's June 1, 2012 notification that his notice of appeal had not been received, plaintiff obtained permission to go to the prison law library on June 12, 2012, and "discovered [his] legal remedy" (id. at 2), which he presents in this motion.

Plaintiff relies on Rule 4(a)(5)(A) (ii), Federal Rules of Appellate Procedure, to contend that good cause or excusable neglect supports granting his instant request for leave to file a second notice of appeal. The express terms of this rule[1] require that a motion for

---

[1] This court does not reach the question whether each of the matters plaintiff challenged in his Notice of Appeal (i.e., challenging the court's final judgment as well as "several other dispositive and non-dispositive orders" (Dkt. No. 112 at 9)), are indeed appealable.

[1] Rule 4 provides in pertinent part:

(A)　　The district court may extend the time to file a notice of appeal if:

(i)　　a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii)　　regardless of whether its motion is filed before or during the 30 days after

2

extending the time for filing a delayed notice of appeal must be made within 30 days after the originally-prescribed time for noticing an appeal which, in the instant case, was 30 days. Fed. R. App. P. 4(a)(1)(A). However, because plaintiff's motion was filed in this court on June 25, 2012 (submitted to prison authorities on June 21, 2012), outside the cumulative 60-day deadline for seeking leave to file a late notice of appeal, the instant motion is untimely. The time limitations of Rule 4(a) are strictly construed. "Rule 4(a), applying to civil appeals, is both mandatory and jurisdictional." United States v. Sadler, 480 F.3d 932, 937 (9th Cir. 2007) (emphasis deleted). Therefore, plaintiff's reliance on the exceptional circumstances set forth in Rule 4(a)(5)(A)(ii) ("excusable neglect or good cause") is unavailing.

        Nevertheless, the undersigned finds that plaintiff has made a sufficient showing that he timely filed his initial Notice of Appeal, pursuant to the "mailbox rule" announced in Houston v. Lack, 487 U.S. 266, 276-76 (1988) (a prisoner's notice of appeal is deemed filed when it is delivered to institutional officials for mailing). "[T]he lack of control of pro se prisoners over delays extends much further than that of the typical civil litigant: pro se prisoners have no control over delays between prison authorities' receipt of the notice and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally." Id. at 274-75. The mailbox rule has been incorporated in the Federal Rules of Appellate Procedure. See Fed. R. App. P. 4(c)(1) ("If an inmate confined in an institution files a notice of appeal in either a civil or criminal case, the notice is timely if it is deposited in the institutional's internal mail system on or before the last day for filing."). Moreover, the Ninth Circuit has held that the mailbox rule applies even if the district court never received or filed the subject document. Huizar v. Carey, 273 F.3d 1220 (9th Cir. 2001). In considering the timeliness of a petition for

---

        the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

writ of habeas corpus, the Ninth Circuit ruled:

> A prisoner's control over the filing of his petition ceases when he delivers it to prison officials. Whether or not the petition is actually placed in the mail, delivered to the court or filed once it arrives there, are all matters beyond the prisoner's control. A prisoner who delivers a document to prison authorities gets the benefit of the prison mailbox rule, so long as he diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time.

Huizar, 273 F.3d at 1223 (citation and fn. omitted)

The undersigned finds that plaintiff has adequately demonstrated that he timely submitted his initial Notice of Appeal to prison authorities on April 22, 2012.[2] This court also finds that plaintiff "diligently follow[ed] up once he . . . failed to receive a disposition from the court after a reasonable period of time." Huizar at 1223. Specifically, on May 24, 2012, plaintiff inquired of the Clerk of Court regarding the status of his "recently filed" notice of appeal." (Dkt. No. 111.) After receiving the Clerk of Court's June 1, 2012 notification indicating that the court had not received his Notice of Appeal, plaintiff sought and obtained an institutional law library pass to research the matter on June 12, 2012. Soon thereafter, on June 25, 2012, plaintiff filed the instant motion. This sequence of actions demonstrates due diligence by plaintiff.

Accordingly, the undersigned finds that plaintiff's April 22, 2012, Notice of Appeal, was timely-filed, Fed. R. App. P. 4(c)(1), even if the district court did not previously receive or file such notice, Huizar, 273 F.3d 1220; accord, Paul Revere Ins. Group v. United States, 500 F.3d 957, 960 n.4 (9th Cir. 2007).

Therefore, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for extension of time to file a second notice of appeal (Dkt. No. 112), be denied without prejudice;

---

[2] The court notes that plaintiff may show timely filing "by declaration . . . or by notarized statement," Fed. R. App. P. 4(c)(1), but finds that the exhibits attached to plaintiff's motion persuasively support plaintiff's representations.

4

    2.  Plaintiff's Notice of Appeal submitted to prison authorities for mailing on April 22, 2012, be deemed timely filed; and

    3.  The Clerk of Court be directed to separately file plaintiff's Notice of Appeal (currently set forth in Dkt. No. 112 at 9-11), with a notation on the docket that the Notice of Appeal has been deemed timely filed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 27, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

alex2773.ntc.app